# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEFFREY ELMORE**  **PLAINTIFF**
**ADC #091418**

v.  No: 4:24-cv-00146-KGB-PSH

**JAMES SHIPMAN,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jeffrey Elmore filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 16, 2024, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). On March 4, 2024, the Court granted Elmore's application to proceed *in forma pauperis* and directed him to file an amended

complaint to clarify and narrow his claims (Doc. No. 8).[1] Elmore filed an amended complaint (Doc. No. 25) and a proposed amended complaint (Doc. No. 42-1), but did not narrow his claims as instructed in either complaint. He was then given another opportunity to file a complaint that complied with the Court's instructions (*see* Doc. No. 43). The Court warned Elmore that a second amended complaint would render all prior complaints without legal effect and that only claims properly set out in a second amended complaint would be allowed to proceed. *Id.* The Court has liberally and carefully reviewed Elmore's Second Amended Complaint (Doc. No. 47) and finds that he does not describe facts sufficient to state a claim upon which relief may be granted, for the reasons described herein.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See*

---

[1] Elmore's initial complaint was filed on behalf of himself and another inmate, Jeffery Cowgill. He was instructed that he may not assert claims on behalf of other inmates. *See* Doc. No. 8 at n.1.

Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his Second Amended Complaint, Elmore names multiple defendants and alleges that some of these defendants failed to protect him from an attack by another inmate on April 13, 2023, and that other defendants failed to protect him at other unspecified times. Doc. No. 46 at 9-15. Elmore also alleges that one defendant placed him in a cold cell with no clothing except boxer shorts.

*Id.* at 11-12. Elmore fails to describe sufficient facts to state a viable claim for relief, as further explained below.

***Failure-to-Protect Claims.*** An inmate has a constitutional right to be free from attacks by others. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). To succeed on a failure-to-protect claim, Elmore must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Specifically,

> This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d at 895; *see also Jones v. Wallace*, 641 Fed. Appx. 665 (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

Elmore's failure-to-protect claims are described and analyzed below.

<u>April 13, 2023 Attack</u>. Elmore asserts the following failure-to-protect claims

stemming from an alleged attack by inmate Brandon Strenger that occurred on April 13, 2023:

- Elmore alleges that he advised Warden James Shipman on August 25, 2022. Doc. No. 47 at 9. He does not describe what he told Shipman on this date or how it related to the April 13, 2023 attack.

- Elmore alleges that Sergeant Jane Wiley failed to protect him from the April 13, 2023 attack after gang member Greg Farmer acted out an attack in front of her in December of 2021. *Id.* at 11. He further alleges that Wiley threatened him with death in January of 2022. *Id.*

- Elmore alleges that Classification Officer Christopher King failed to protect him by refusing to place him in protective custody on March 23, 2022, resulting in the April 13, 2023 attack. *Id.*

- Elmore alleges that Major Mahoney failed to protect him by refusing to place him in protective custody on March 16, 2022, resulting in the April 13, 2023 attack. *Id.* at 14.

These allegations are insufficient to support a failure-to-protect claim. Elmore does not assert facts suggesting that any defendant was aware that he faced a risk of attack by inmate Strenger before the April 13, 2023 attack.² Rather, he states that at

---

² The Court notes that Elmore has filed another lawsuit concerning the April 13 attack: *Elmore v. Shipman,* Case No. 4:23-cv-01138-LPR-JJV (E.D. Ark.). In that case, his claim that Lieutenant Gina Stewart witnessed the attack but took no action in response

various times before that attack (in some instances more than one year before), he expressed general fears of Aryan gang members to some defendants. He does not allege that he asked to be moved away from the inmate who attacked him or that he described any specific threats to his safety by Strenger or other inmates before he was attacked. Elmore's conclusory allegations that these defendants failed to protect him with no supporting facts fails to describe a claim that any defendant was deliberately indifferent to a substantial risk of serious harm to him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

<u>Claims Not Linked to a Specific Attack</u>. Elmore asserts the following failure-to-protect claims stemming from his general fear for his safety. These allegations do not clearly relate to the April 13, 2023 attack or any other attack or incident.

---

is proceeding. *See* Doc. Nos. 20 & 57. His other claims relating to the April 13 attack were dismissed for failure to state a claim. *Id.* The Court specifically noted that Elmore's "fear of being harmed by all Aryan inmates was too generalized and speculative to give Defendants actual and subjective knowledge that there was a substantial risk that he would be harmed, fourteen months later, by Strenger." *Elmore v. Shipman,* Case No. 4:23-cv-01138-LPR-JM, No. 20 at 5.

- Elmore alleges he advised Deputy Warden Mareice Culclager during security rounds in December of 2021 and on March 23, 2022, and through other means, of "death threats and psychological warfare the Arians, bloods, crips, GD's and officers was conducting on plaintiff." Doc. No. 47 at 9.

- Elmore alleges that Classification Officer Marcie Nash, Warden Gary Musselwhite, and Deputy Warden Robert Pierce placed him in general population after he told them he could not go to population. *Id.* at 9-10. He states that Nash made that decision on January 9, 2024, and does not provide dates as to Musselwhite or Pierce. *Id.*

- Elmore alleges Captain John Baker and Lieutenant Heath Dungan attempted to move him to a barracks he had just left on December 27, 2023, after he filed a lawsuit, Case No. 4:23-cv-01138-LPR-JJV. *Id.* at 12.

- Elmore alleges that Warden Hurst failed to protect him because he knew of the Aryan issues when he signed off on Elmore entering #20 barracks.

- Elmore alleges that Deputy Warden Claudia Harris failed to protect him by moving him from #20 barrracks to #5 barracks, the "[Aryan] gang territory to be attacked." *Id.* at 13.

- Elmore alleges that Disciplinary Administrator Janice Blake and Sergeants Cadija Jackson, Jane Messy, and John Isom failed to protect him on April

20, 2023, by not contacting the FBI or Arkansas State Police. *Id.* at 10-11 & 15.

These conclusory allegations also fail to state a viable failure-to-protect claim. Again, an inmate's general fear for his safety is insufficient to put prison officials on notice that an inmate faces a substantial risk of harm. *Robinson v. Cavanaugh,* 20 F.3d at 895. Elmore does not describe how the defendants' alleged actions put him in any specific danger.

<u>ADC Employee Harm on September 26, 2022</u>. Elmore alleges that Sergeant John Martin failed to protect him from "physical harm at the hands of [an] ADC employee" on September 26, 2022. Doc. No. 47 at 11. He provides no further details about this incident, and accordingly, fails to state a viable claim for relief.

<u>Refused Medical Treatment on July 10, 2023</u>. Elmore alleges that Major John Warner failed to protect him by allowing Samantha Hill and Dr. James Smith to refuse to provide medical treatment to Elmore on July 10, 2023. *Id.* He provides no other facts regarding this claim. He does not say what medical treatment he needed, how Warner knew about his need for medical treatment, or how he was injured as a result of the lack of treatment. This allegation fails to state a viable claim for relief.

***Conditions of Confinement.*** Elmore alleges that Captain Richard Clark placed him in a cell on December 15, 2021, with only his boxers and socks and a piece of blanket in the dead of winter with exhaust fans blowing, causing him

psychological harm. Doc. No. 47 at 11-12. To state an Eighth Amendment conditions of confinement claim, a prisoner must allege (1) an "objectively, sufficiently serious" deprivation that resulted "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970). The Eighth Amendment guarantees prisoners the right to adequate shelter and protection from *extreme* cold, and courts examine allegations of the severity of the cold and the length of time a prisoner is exposed to it. *See Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997) (plaintiff testified "that ice persistently formed on the walls of the cells suggest[ed] that temperatures in the cell block were literally freezing, during the day as well as at night, and that this condition continued unchanged for several winters").

Elmore's allegation that he was placed in a cold cell with little clothing on one occasion for an unspecified length of time is insufficient to describe a viable conditions-of-confinement claim. His claim against Clark should therefore be dismissed without prejudice.

### III. Conclusion

For the reasons stated herein, Elmore's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1.	Elmore's claims be dismissed without prejudice.

2.	Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 17th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE